UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC VALTEAU | CIVIL ACTION |
| VERSUS | CASE NO. 16-10425 |
| FANNIE MAE | SECTION: "G" (4) |

**ORDER**

In this litigation, Plaintiff Eric Valteau ("Valteau") alleges that Defendant Federal National Mortgage Association ("Fannie Mae") wrongfully foreclosed on Valteau's property using fraudulent procedures and in violation of the Truth in Lending Act.[1] Pending before the Court is Valteau's "Motion for Leave to Submit Cease and Desist."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.[3]

**I. Background**

In his complaint, Valteau alleges that his property at 320 Wallace Drive, New Orleans, Louisiana 70122 ("Property") was wrongfully foreclosed on by Fannie Mae.[4] Valteau asserts that the mortgage on his Property was fraudulently assigned by a Mortgage Electronic Registration System ("MERS") member and that the chain of title to the Property is corrupted and

---

[1] Rec. Doc. 1; *see* Rec. Doc. 6-5 at 1–2.

[2] Rec. Doc. 27.

[3] *Id.*

[4] Rec. Doc. 1 at 1–2; *see* Rec. Doc. 6-5 at 1–2.

1

unenforceable.[5] Valteau argues that MERS is no longer in existence, and thus has no valid legal interest in his Property.[6] Valteau avers that he did not receive notice that "the original lender made mortgagor a third party contractee" without his consent.[7] Valteau further contends that his right to rescind the loan transaction was violated when the lender failed to give him "forms H-8 and H-9" and that there was no mortgage brokerage fee as allegedly required by the Truth in Lending Act.[8] Valteau asserts that this failure also violated his constitutional right to due process.[9] Valteau argues that he is entitled to recession of the contract because the lending bank did not sign the loan contract and because Valteau did not receive a signed invoice of the debt.[10]

On June 15, 2016, Valteau filed his complaint in this matter.[11] On February 13, 2017, Valteau filed the instant motion requesting a cease and desist order.[12] On February 17, 2017, Valteau requested expedited consideration of the motion,[13] which the Court granted.[14] On February 21, 2017, Fannie Mae filed an opposition to the motion for a cease and desist order.[15]

---

[5] Rec. Doc. 1 at 1.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.*

[12] Rec. Doc. 27.

[13] Rec. Doc. 28.

[14] Rec. Doc. 29.

[15] Rec. Doc. 30.

2

On February 23, 2017, Valteau filed a reply.[16]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion*

In his motion, Valteau requests for the Court to issue a "cease and desist order" to stop "Defendant, Orleans Parish Sheriff Office, and affiliates" from evicting Valteau from his Property until this civil litigation is resolved.[17] Valteau also appears to "request that this federal civil litigation be stayed until the matter is resolved."[18] Valteau contends that he has submitted a "revocation of power of Attorney" to Fannie Mae and the Orleans Parish Sheriff's Office, as Valteau alleges that "Defendant created a trust/security in violation of foreclosure order."[19] Valteau argues that Fannie Mae has no authority to proceed with the eviction process, and thus a cease and desist order should be issued until this matter is resolved.[20]

### B.    *Defendant's Arguments in Opposition to the Motion*

Fannie Mae alleges that a Sheriff's sale of the Property to Fannie Mae occurred on January 14, 2016.[21] Fannie Mae avers that Valteau did not appeal the foreclosure and all appeal delays have lapsed.[22] Fannie Mae contends that Valteau did not vacate the Property after the foreclosure,

---

[16] Rec. Doc. 31.

[17] Rec. Doc. 27 at 1.

[18] *Id.*

[19] *Id.* at 2.

[20] *Id.*

[21] Rec. Doc. 30 at 1.

[22] *Id.* at 2.

3

and thus Fannie Mae requested a Writ of Possession to be issued in state court to evict Valteau.[23] According to Fannie Mae, pursuant to the Writ of Possession, the Sheriff's office completed a lock out of the Property on June 8, 2016.[24] However, Fannie Mae represents that Valteau subsequently regained unlawful access to the Property now possessed by Fannie Mae, and that Valteau continues to trespass on Fannie Mae's Property.[25] Fannie Mae avers that it is currently proceeding with a second eviction action to again evict Valteau from the Property.[26]

Fannie Mae argues that Valteau's request to stay the eviction action should be denied, as Fannie Mae is the owner of the Property and Valteau has no right to occupy the Property.[27] Fannie Mae asserts that it should also be awarded reasonable attorney fees and costs for having to defend "this frivolous motion."[28]

### C.  *Plaintiff's Reply in Further Support of the Motion*

Valteau avers that the Sheriff's sale and transfer are "immaterial" because the note and mortgage were tainted at their inception with fraud and deception.[29] Valteau argues that the "2007 Fannie Mae REMIC TRUST creation invalidated any rights as mortgagee."[30]

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 31-2 at 1–2.

[30] *Id.* at 1.

4

### III. Law and Analysis

In this motion, Valteau requests that the Court issue a "cease and desist order" to stop "Defendant, Orleans Parish Sheriff Office, and affiliates" from evicting Valteau from the Property until this civil litigation is resolved.[31] As a preliminary matter, the Court notes that a motion for a "cease and desist" order does not exist in the federal system, and Valteau has not provided any authority to guide the Court in considering his request for relief. However, because Valteau is proceeding *pro se*, the Court will liberally construe his pleadings to determine the true nature of his motion.[32]

In his motion, Valteau requests this Court to enjoin Orleans Parish Sheriff's Office for the duration of the case until this matter is resolved. Valteau does not state when this eviction proceeding is scheduled to occur. Because Valteau is seeking relief that would extend beyond the fourteen day limit of a temporary restraining order, the Court will not construe the *pro se* motion as one for a temporary restraining order.[33] Rather, it appears that Valteau essentially seeks to "preserve the status quo" until the rights of the parties can be ascertained during a trial on the merits, which is the purpose of preliminary injunctions.[34] Accordingly, the Court will construe his

---

[31] Rec. Doc. 27 at 1.

[32] *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) ("Pro se litigants are entitled to liberal construction of their pleadings . . . we have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label.") (citations and quotation marks omitted).

[33] *See, e.g.*, *Reeves v. Wells Fargo Home Mortg.*, 431 F. App'x 304, 305 (5th Cir. 2011) (determining that a *pro se* request to stop a foreclosure should be interpreted as a motion for a preliminary injunction, as the plaintiff requested relief that would extend beyond the time limits of a temporary restraining order); *Neal v. Fed. Bureau of Prisons*, 76 F. App'x 543, 545 (5th Cir. 2003) (holding that a *pro se* motion styled as a motion for a temporary restraining order should be construed as a motion for a preliminary injunction, as the plaintiff requested relief beyond the time limits of a temporary restraining order).

[34] *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) ("The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits."); *Neal v. Fed. Bureau of Prisons*, 76 F. App'x 543, 545 (5th Cir. 2003)

5

motion as a motion for preliminary injunction.[35]

## A. *Legal Standard for Preliminary Injunctions*

A preliminary injunction is an "extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion'" on all required elements.[36] Four elements must be proven before a court will issue a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the nonmovant; and (4) granting the injunction will not disserve the public interest.[37] If the movant fails to meet its burden regarding any one of the necessary elements, a court need not address the other elements necessary for granting a preliminary injunction.[38] At all times, the burden of persuasion remains on the movant as to each of these four elements.[39] However, these factors "are applied on a case-by-case, sliding-scale basis. Where one or more of the factors is very strongly established, this will ordinarily be seen as compensating for a weaker showing as to another or others."[40] Whether to

---

(same).

[35] *Flores*, 380 F. App'x at 372.

[36] *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)); *see also Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999).

[37] *Id.* at 195–96 (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[38] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that plaintiff failed to show a substantial likelihood of success on the merits); *see also Barton v. Huerta*, 613 F. App'x 426, 427 (5th Cir. 2015) ("[F]ailure to succeed on any one of the elements results in a denial of injunctive relief.").

[39] *Callaway*, 489 F.2d at 573 (vacating an injunction where the district court improperly placed the burden of persuasion on the defendants to prove the injunction should not be granted, rather than requiring plaintiffs to carry their burden).

[40] *Knights of Ku Klux Klan, Realm of La. v. E. Baton Rouge Par. Sch. Bd.*, 578 F.2d 1122, 1125 (5th Cir.

grant or to deny a preliminary injunction is within the discretion of the trial court,[41] but "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[42]

## B. *Whether an Evidentiary Hearing is Required*

As a preliminary matter, the Court notes that, in the Fifth Circuit, an evidentiary hearing may be required under Rule 65 of the Federal Rules of Civil Procedure prior to ruling on a motion for a preliminary injunction.[43] However, the Fifth Circuit has repeatedly held that no evidentiary hearing on a motion for a preliminary injunction is required when there are no genuine factual disputes at issue.[44] The Fifth Circuit has also noted that it has "frequently affirmed" district court's decisions to forgo an oral hearing prior to ruling on such motions "in cases that involved no genuine factual dispute."[45]

In *PCI Transportation, Inc. v. Fort Worth & Western Railroad Company*, for example, the Fifth Circuit held that, when a plaintiff fails to adduce any probative evidence or establish the existence of a factual dispute, a preliminary injunction hearing is not required and the motion could be denied without a hearing.[46] Likewise, in *Anderson v. Jackson*, the Fifth Circuit determined that when a party requesting an injunction "cannot show that factual disputes exist regarding the

---

1978).

[41] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

[42] *Miss. Power & Light*, 760 F.2d at 621.

[43] *See Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 334 (5th Cir. 2013).

[44] *See id.* at 334 & n.15; *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir.1996) ("[W]here factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.").

[45] *Id.*

[46] 418 F.3d 535, 546 (5th Cir. 2005).

required elements, and cannot introduce evidence sufficient to justify granting the motion, a hearing on the requested injunctive relief is unnecessary," and thus the district court did not abuse its discretion in denying the preliminary injunction.[47] As discussed *infra*, because Valteau has failed to point to any evidence in support of his motion or to establish a genuine factual dispute, no preliminary injunction hearing is required.

### C. *Whether the Prerequisites for a Preliminary Injunction Have Been Satisfied*

In his motion, Valteau argues that the "Defendant, Orleans Parish Sheriff Office, and affiliates" are "attempting to interlope into this civil litigation by forcing the Plaintiff to vacate" the Property before this case has been decided.[48] Thus, Valteau asserts that a "cease and desist" order should be issued.[49] In response, Fannie Mae argues that Valteau's request to stay the eviction action should be denied, as Fannie Mae is the owner of the Property and Valteau has no right to occupy the Property.[50] Fannie Mae avers that it properly acquired the Property at a Sheriff's sale on January 14, 2016, and that Valteau did not appeal the foreclosure.[51] Fannie Mae asserts that it had already obtained a Writ of Possession to evict Valteau from the Property, but that Valteau subsequently regained unlawful access to the Property and continues to trespass while a second eviction action against Valteau is pending.[52]

The Court will now consider whether Valteau has met the first prerequisite to receive a

---

[47] 556 F.3d 351, 360 (5th Cir. 2009).

[48] Rec. Doc. 27 at 1.

[49] *Id.*

[50] Rec. Doc. 30 at 1.

[51] *Id.* at 2.

[52] *Id.*

8

preliminary injunction by establishing that there is a substantial likelihood of success on the merits.[53] First, the Court notes that Valteau seeks to enjoin the Orleans Parish Sheriff's Office.[54] However, the Orleans Parish Sheriff's Office is not a party to this litigation, and Valteau has not asserted any claim against them. Thus, there is no claim against the Orleans Parish Sheriff's Office on which Valteau has a substantial likelihood of success to succeed on the merits.[55] Moreover, Valteau has not pointed to any authority to support the proposition that the Court may enjoin a non-party sheriff's office from enforcing a state court eviction order.

Even assuming that Valteau seeks to properly enjoin the Orleans Parish Sheriff's Office, Valteau only asserts that Fannie Mae and the Orleans Parish Sheriff's Office are "attempting to interlope into this civil litigation by forcing [Valteau] to vacate" the Property before this matter is decided.[56] However, Valteau has not offered any evidence or set forth any facts as to how Fannie Mae or the Orleans Parish Sheriff's Office are "attempting to interlope." Valteau also avers, without citation to any evidence or authority, that the note and mortgage were tainted at their inception.[57] As the Fifth Circuit has previously held, "broad and unsubstantiated allegations" are insufficient to support the grant of a preliminary injunction.[58] For example, in *Neal v. Federal*

---

[53] *Neal*, 76 F. App'x at 545.

[54] Rec. Doc. 27 at 1.

[55] *See, e.g.*, *Bean v. McConnell Unit*, No. 06-223, 2006 WL 2854982, at *1 (S.D. Tex. Oct. 4, 2006) (noting that the plaintiff's "requested injunction is directed at persons who are not defendants in this case, and over whom the court has no jurisdiction in this action"); *Howe v. Polunsky Unit*, No 9:08-142, 2010 WL 3632681, at *1 (E.D. Tex. June 17, 2010), *report and recommendation adopted*, No. 9:08-142, 2010 WL 3632691 (E.D. Tex. Sept. 10, 2010) (noting that the individual who plaintiff sought to enjoin was not a party to the lawsuit, and that the plaintiff made no showing that the individual was in privity with the named defendants).

[56] Rec. Doc. 27 at 1.

[57] *Id.*

[58] *Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 826 (5th Cir. 2012). *See also Hurley v. Gunnels*, 41 F.3d 662 (5th Cir. 1994) (noting that the district court could analyze a request for a preliminary injunction using

*Bureau of Prisons*, the Fifth Circuit held that a *pro se* plaintiff who failed to allege facts "beyond the conclusory allegations of a conspiracy against him" failed to establish a substantial threat of irreparable injury.[59]

Here, Valteau has only asserted unsubstantiated allegations that are insufficient to merit the "extraordinary remedy" of a preliminary injunction.[60] Thus, based on the foregoing and construing his *pro se* motion liberally, the Court finds that Valteau has failed to establish a substantial likelihood of success on the merits of any claim. Because all four prerequisite elements are required to grant a preliminary injunction, the Court need not consider whether Valteau has met the other factors.[61] Accordingly, the Court denies Valteau's "Motion for Leave to Submit Cease and Desist."[62]

### D.     *Whether Fannie Mae is Entitled to Attorney's Fees*

Additionally, in its opposition memorandum, Fannie Mae asserts that it "should be awarded reasonable attorney fees and costs for having to defend this frivolous motion and any other

---

"informal procedures" when the material facts are not in dispute, and that plaintiff's speculative allegations of injury were insufficient to support plaintiff's request for a preliminary injunction); *Goodlow v. LeBlanc*, No. 15-676, 2016 WL 1438019, at *3 (M.D. La. Mar. 22, 2016), *report and recommendation adopted*, No. 15-676, 2016 WL 1446215 (M.D. La. Apr. 11, 2016) (finding that conclusory allegations without pointing to existing evidence or setting forth facts from which retaliation may be plausibly inferred was insufficient to show a substantial likelihood to prevail on the merits).

[59] 76 F. App'x 543, 545 (5th Cir. 2003).

[60] *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)); *see also Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999).

[61] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that plaintiff failed to show a substantial likelihood of success on the merits); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

[62] Rec. Doc. 27.


equitable relief."[63] To the extent that Fannie Mae seeks attorney's fees as a sanction for Valteau's allegedly frivolous motion, the Court notes that Rule 11 of the Federal Rules of Civil Procedure would apply. Pursuant to Rule 11, a party filing a motion certifies that, "to the best of the person's knowledge, information, and belief . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[64] However, Rule 11 further states that a motion for sanctions must "*be made separately* from other motions or requests and shall describe the specific conduct that allegedly violates Rule 11(b)."[65] The motion must also be served under Rule 5, and "it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."[66] Here, Fannie Mae has not shown that it has satisfied either requirement, or pointed to any authority that would otherwise justify awarding attorney's fees in this instance. Accordingly, the Court will deny Fannie Mae's request for attorney's fees.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff Eric Valteau's "Motion for Leave to Submit Cease and Desist" is **DENIED**.[67]

---

[63] Rec. Doc. 30 at 2.

[64] Fed. R. Civ. Proc. 11(b).

[65] Fed. R. Civ. Proc. 11(c)(2).

[66] *Id.*

[67] Rec. Doc. 27.

11

**IT IS FURTHER ORDERED** that Defendant Fannie Mae's request for attorney's fees is **DENIED**.[68]

NEW ORLEANS, LOUISIANA, this 3rd day of March, 2017.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[68] Rec. Doc. 30.